**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

DERRICK ALLEN,            )
                          )
            Plaintiff,    )
                          )
                          )       1:19cv710
        v.                )
                          )
ANNETTE MOORE, et al.,    )
                          )
            Defendants.   )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

**BACKGROUND**

Asserting claims under "42 U.S.C. § 1983" for violation of his rights under the "14th Amendment, Section 1[,] 42 USC[] 3604(A) [,] 28 USC 4101 [Slander and Libel][,] 42 USC[] 3613(A)(1)[, and] 45 USC[] 3619," Plaintiff initiated this action against four defendants: (1) "Annette Moore" ("Defendant Moore"), (2) "Melvyn Blackwell" ("Defendant Blackwell"), (3) "Tara May" ("Defendant May"), and (4) "Marlyn Valeiko" ("Defendant Valeiko"). (Docket Entry 2 at 1-3 (brackets around "Slander and Libel" in original).) The Complaint states the following as the basis for asserting claims under Section 1983:

> The above listed personnel[] are county officials working for th[e D]epartment of Human [R]elations. It is their job description to investigate housing discrimination.

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

-3-

>     The above listed representatives fail[ed] to investigate [Plaintiff's] claim of housing discrimination.

(Id. at 4.)  The Complaint's "Statement of Claim" states the following in its entirety:

> [Plaintiff] applied for public housing with the [T]own of [C]hapel[ H]ill.
>
> . . . [O]n 06/14/2019 [Plaintiff's] application for public housing was denied. [Plaintiff] appealed the decision of Angela Gerald [Housing officer I] on 06/14/2019 and [Plaintiff] met with Director Faith Thompson on 06/18/2019 in which [Plaintiff] received a[] rejection letter from Director Faith Thompson on 06/24/2019 appeal.
>
> Director Faith Thompson denied [Plaintiff's] application for public [h]ousing based upon information from the [F]ederal Bureau of Investigation [the "FBI"] . . . [which revealed that Plaintiff had been] convicted of [f]raud - [f]alse statement[,] [p]ossession of [a] weapon[,] and [t]ransportation of firearms[,] which is not true.
> [In] [C]ase No. 1:17-cr-00157[], [Plaintiff] went to trial and was found not guilty of [] 18 USC[] 922(A)(6) and was found guilty of [] 18 USC[] 922(G)(8). [Plaintiff] appealed . . . . Furthermore, [o]fficials at Human [R]elations in Orange County [f]ailed to investigate [Plaintiff's] clai[m] of [h]ousing [d]iscrimination.

(Id. at 4-5 (brackets around "Housing officer I" in original).) The Complaint also alleges that Plaintiff has been subjected to "mental angu[ish and] homelessness" (id. at 5 (emphasis omitted)), and further requests that, "[i]f the [C]ourt finds [that] discriminatory housing practices occurred, . . . [that he] be compensated in the amount of $250,000.00 or . . . an amount that the [C]ourt [finds] sufficient" (id. at 6).

-4-

In addition, the Complaint appends a (i) letter from the Town of Chapel Hill informing Plaintiff of his ineligibility for housing assistance (id. at 8); (ii) the first page of Plaintiff's criminal history report (id. at 9); and (iii) a printout of the CM/ECF criminal docket in United States v. Derrick Michael Allen, Sr., No. 1:17cr157 (M.D.N.C. Jun. 26, 2019) (id. at 10-18).

## DISCUSSION

### I. Official Capacity Claims

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights").[2]

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

(continued...)

Here, the Complaint seeks damages from all defendants in both their individual and official capacities based upon their failure to investigate Plaintiff's claims of housing discrimination. (See Docket Entry 2 at 1-7.) As to any official capacity claims, because the Complaint identifies all defendants as "[o]fficials at Human [R]elations in Orange County" (see id. at 2-5), "[s]uch a claim, in effect is against the governmental entity employing [the defendants]," Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). To establish liability against Orange County under Section 1983, "it must be shown that the actions of [its employees] were unconstitutional and were taken pursuant to a custom or policy of the entity." Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir.1987) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)); accord Board of Cty. Comm'rs of Bryan Cty., Okla., 520 U.S. 397, 403 (1997) ("[L]ocal governmental bodies . . . may not be held liable under [Section] 1983 solely because [they] employ[ed] a tortfeasor . . . . Instead, in *Monell* and subsequent cases, [the Supreme Court] ha[s] required a plaintiff seeking to impose liability on a [local governmental body] under [Section] 1983 to identify a [local

---

²(...continued)
42 U.S.C. § 1983 (emphasis added).

governmental] 'policy' or 'custom' that caused the plaintiff's injury.").

The Complaint alleges no facts showing that any of these defendants acted pursuant to a policy or custom of Orange County (Docket Entry 2 at 1-7), and therefore, the Court should dismiss all official capacity claims (which only seek damages) against Defendant Moore, Defendant Blackwell, Defendant May, and Defendant Valeiko.

**II. Individual Capacity Claims**

A. Lack of Allegations

Beyond naming them as Defendants, the Complaint does not even so much as mention Defendants Moore, Blackwell, May, and/or Valeiko. (See id. at 1-7.) Thus, even considered collectively, the Complaint and its attached documents fail to establish a Section 1983 claim against Defendants Moore, Blackwell, May, and/or Valeiko due to the lack of factual matter suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim).

Put another way, nothing in the record indicates in any way that Defendants Moore, Blackwell, May, and/or Valeiko engaged in any violation of Plaintiff's constitutional rights as remains necessary to state a plausible Section 1983 claim. See Iqbal, 556

U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). The Court should therefore dismiss all individual capacity claims alleged against Moore, Blackwell, May, and Valeiko for failure to state a claim.

### B. Inapplicable Statutes

Further, all of the statutes upon which the Complaint relies fail to provide for a cause of action in light of the facts asserted. First, concerning the Complaint's reliance upon "28 U.S.C. 4101 [Slander and Libel]" (see id. at 3 (brackets in original)), "that section contains definitions used with respect to recognition of foreign judgments, which is inapplicable to the facts of this case and does not provide a private right of action under [Section] 1983." Dressler v. Jefferson Cty., WV, No. 2:18CV1126, 2019 WL 1052285, at * 1 n.1 (S.D. W.Va. Jan. 17, 2019) (unpublished), recommendation adopted, 2019 WL 1053626 (S.D. W.Va. Mar. 5, 2019) (unpublished).

Next, the remaining statutes concern the Fair Housing Act but, the Complaint fails to state a claim under the cited statutes (particularly not against these defendants).[3] "The Fair Housing Act prohibits discrimination in rental housing based on 'race,

---

[3] The Complaint also alleges a violation of Plaintiff's rights under "45 USC[] 3619" (Docket Entry 2 at 3), however, no such statute exists.

color, religion, sex, familial status, or national origin.'" Parker v. Hunting Point Apartments, LLC, No. 1:15cv590, 2015 WL 5247692, at *3 (E.D. Va. Sept. 8, 2015) (unpublished) (quoting 42 U.S.C. § 3604). "A plaintiff may demonstrate a *prima facie* case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact." Sudduth v. Vasquez, No. 1:08cv1106, 2009 WL 211572, at *2 (E.D. Va. Jan. 26, 2009) (unpublished) (emphasis in original) (quoting Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984)).

The Complaint offers no facts showing that Defendants discriminated against Plaintiff "based on his 'race, color, religion, sex, familial status, or national origin.'" Parker, 2015 WL 5247692, at *3 (quoting Section 3604). The Complaint lacks any factual allegations concerning discrimination aside from its conclusory assertion that Defendants failed to "investigate [Plaintiff's] clai[m] of [h]ousing [d]iscrimination" (Id. at 5.) Put simply, merely invoking the term "discrimination" does not suffice to state a claim under the Fair Housing Act. See, e.g., Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Further, the allegations that the Complaint does set forth appear to relate to alleged

discriminatory practices of the Town of Chapel Hill, not the actions (or inaction) of Defendants. (See Docket Entry 2 at 4-5.)

In any event, the Complaint alleges that the Town of Chapel Hill denied Plaintiff's public housing application "based upon information from the [FBI, which revealed that Plaintiff had been] convicted of [f]raud - [f]alse statement[,] [p]ossession of [a] weapon[,] and [t]ransportation of firearms[,] which is not true." (id. at 5; see also id. at 8.) Therefore, according to the Complaint, the denial of Plaintiff's rental application resulted from a mistaken description of Plaintiff's criminal history, not discrimination "based on 'race, color, religion, sex, familial status, or national origin,'" Parker, 2015 WL 5247692, at *3 (quoting Section 3604).

Accordingly, the Court should dismiss Plaintiff's claims, to the extent they rely upon the cited statutes, for failure to state a claim.

## **CONCLUSION**

The Complaint does not allege that a policy or custom of Orange County caused any constitutional deprivation by Defendants Defendants Moore, Blackwell, May, and Valeiko, and/or any discriminatory conduct by Defendants Moore, Blackwell, May, and Valeiko. Further, the Complaint fails to show that the denial of Plaintiff's rental housing application resulted from discriminatory

housing practices, much less that any of the cited statutes provide any claim against the named defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 13, 2020